**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2311
_____

UNITED STATES OF AMERICA

v.

JUAN MANUEL PEREZ,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2-05-cr-00409-001)
District Judge:  Honorable Susan D. Wigenton

Argued January 16, 2013
_____

Before:  SMITH, CHAGARES, and BARRY, <u>Circuit Judges</u>.

(Filed: March 1, 2013)


Alison Brill, Esq. [Argued]
Office of Federal Public Defender
22 South Clinton Avenue
Station Plaza #4, 4th Floor
Trenton, NJ 08609

Kevin F. Carlucci, Esq.
Office of Federal Public Defender
1002 Broad Street
Newark, NJ 07006
        <u>Counsel for Appellant</u>

Mark E. Coyne, Esq.
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

Glenn J. Moramarco, Esq. [Argued]
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ 08101
        Counsel for Appellee

_____

OPINION
_____

CHAGARES, Circuit Judge.

Juan Manuel Perez was sentenced to 24 months of imprisonment for violating the

terms of his release from federal prison, and he now appeals that sentence. We will

affirm the judgment of the District Court.

I.

We write solely for the parties and will therefore recount only those facts that are

essential to our disposition. In June 2006, Perez was sentenced to 41 months of

imprisonment for committing wire fraud in violation of federal law. While on supervised

release, he was arrested for stealing a credit card machine. He was convicted and

sentenced by the State of New Jersey. The District Court held a hearing because Perez's

commission of the state crime violated his terms of supervised release from federal

prison. Perez pled guilty to the violation. The probation office determined that Perez had

a Category VI criminal history score, and that the state court conviction constituted a

2

Grade A violation. Based on these calculations, it concluded that Perez's advisory Guidelines range was 33 to 41 months.

The parties agree that the District Court erred in finding that Perez's state court conviction was a Grade A violation and therefore miscalculated his Guidelines range. Because the offense was actually a Grade B violation, the range (before considering the statutory maximum) should have been 21 to 27 months. U.S.S.G. § 7B1.4(a). Therefore, after taking the 24 month maximum pursuant to 18 U.S.C. § 3583(e)(3) into account, Perez's correct range was 21 to 24 months. The District Court imposed a sentence of 24 months.

## II.[1]

Because Perez failed to object to the District Court's incorrect application of the Guidelines, we review for plain error. United States v. Marcus, 130 S. Ct. 2159, 2164 (2010); Fed. R. Crim. P. 52(b). In reviewing for plain error, we

> may, in [our] discretion, correct an error not raised at trial only where the appellant demonstrates that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

Id. (quotation marks omitted).

The Government concedes that the District Court committed a clear or obvious error, but the parties dispute whether the error affected Perez's substantial rights. To

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a).

3

meet the that criterion, a defendant must show that there is "a reasonable probability that the error affected the outcome" of the proceeding.  Id.

We conclude that Perez has failed to demonstrate a reasonable probability that the District Court's error affected his sentence.  His sentence was statutorily capped at 24 months and, absent a variance or a departure, he could, at best, have hoped for a sentence of 21-23 months.  The District Court, however, highlighted "the numerous prior convictions that exist" on Perez's record, calling them "very serious matters."  Appendix 37.  The District Court also declined to impose a sentence concurrent to the one Perez was already serving, stating that doing so "would be minimizing the severity of [the criminal] behavior;" instead, the District Court concluded that only a consecutive sentence would "reflect the seriousness of what occurred," considering Perez's "history and characteristics."  Id.  Furthermore, Perez presented no compelling case for a lenient sentence, arguing only for "some form of leniency . . . for [the] admission to the offenses and acceptance of responsibility."  Id. 34.  Based on this record, we cannot conclude that Perez has demonstrated a reasonable probability that the District Court's error affected his sentence.

We also reject Perez's challenge to the substantive reasonableness of his sentence.

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

4